# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WOLF RUN MINING, LLC,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-129**          (JCN: 2021002930)

**DARDEN WOODFORD,**
**Claimant Below, Respondent**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wolf Run Mining, LLC ("WRM") appeals the March 3, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Darden Woodford filed a timely response.[1] WRM did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Woodford a 17% permanent partial disability ("PPD") award, and, instead, awarding him an additional 13% PPD for a total award of 30% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 13, 2020, while employed as a coal miner for WRM, Mr. Woodford was hit by a scoop and was pinned between it and another piece of machinery. Mr. Woodford suffered a crush injury to his left leg, a fracture of the left distal femur, and injuries to the arteries in his left leg.[2]

Mr. Woodford was seen by Prasadarao Mukkamala, M.D., on July 21, 2021, for an independent medical examination ("IME").[3] The claim administrator issued an order dated

---

[1] WRM is represented by Celeste E. Webb, Esq., and John P. Fuller, Esq. Mr. Woodford is represented by James R. Fox, Esq.

[2] It is unclear from the record when this claim was held compensable or what the compensable conditions were.

[3] The report from Dr. Mukkamala was included in WRM's appendix submitted to this Court but it was not included in the lower record and, therefore, will not be considered

September 10, 2021, which granted Mr. Woodford a 17% PPD award based on Dr. Mukkamala's report. Mr. Woodford protested that order.

On January 14, 2022, Mr. Woodford was seen by Robert Walker, M.D., for an IME. Mr. Woodford reported that he had not returned to work, and he experiences constant pain, numbness, and stiffness in his left leg. Dr. Walker noted that Mr. Woodford had extensive damage to the skin of his left leg that required consistent treatment. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) ("*Guides*"), Dr. Walker found that Mr. Woodford had 20% lower extremity impairment for the left knee, 15% lower extremity impairment for the left ankle, and 15% impairment for the skin of the left lower extremity. Dr. Walker combined these impairment ratings and converted them to 30% whole person impairment ("WPI") related to the compensable injury.

On March 3, 2023, the Board issued an order reversing the claim administrator's order, which granted Mr. Woodford a 17% PPD award, and instead granted him an additional 13% PPD for a total of a 30% PPD award. The Board found that Dr. Walker's findings were competent and reliable and established that Mr. Woodford has a 30% impairment. WRM now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

by this Court on appeal. Rule 6(a) of the West Virginia Rules of Appellate Procedure provides, "[t]he record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal, . . . . and the docket entries of the lower tribunal."

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, WRM argues that the Board should have affirmed the claim administrator's order granting Mr. Woodford a 17% PPD award based on Dr. Mukkamala's findings. We disagree.

Here, the Board found that the report of Dr. Walker was competent and reliable and established that Mr. Woodford has a 30% WPI. The Board noted that WRM failed to offer Dr. Mukkamala's report into evidence. The Board found that this case could be distinguished from this Court's decision in *Bimbo Bakeries, USA v. Omer Hawkins*, No. 22-ICA-119, 2023 WL 1463716 (W.Va. Ct. App. Feb. 2, 2023) (memorandum decision). In *Bimbo*, the employer was not represented by counsel in front of the Board, however, in the instant case WRM was represented by counsel who participated in the litigation by filing a closing argument. *Id*.

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Walker's report was competent and reliable evidence establishing that Mr. Woodford has a 30% WPI. We note that WRM is not alleging any excusable mistake or error as a reason for its failure to offer the report of Dr. Mukkamala into evidence, nor did WRM acknowledge its failure. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). (citing *Shaffer v. Acme Limestone Co., Inc.,* 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Thus, we decline to review and consider the report of Dr. Mukkamala in this appeal.

Finding no error in the Board's March 3, 2023, order, we affirm.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen